JAMES A. BROWN *vs.* LYDIA R. BRIGHTMAN.

In an action against an administrator to recover for money paid by the plaintiff as agent of the defendant's intestate, the plaintiff is not, under *St.* 1865, *c.* 207, a competent witness in his own favor.

CONTRACT against the administratrix of the estate of David B. Brightman, to recover for money paid by the plaintiff for the defendant, as his agent and for his benefit.

At the trial in the superior court, before *Brigham*, J., there was evidence to show that on the 20th of April 1861 an agent of the intestate wrote a letter from Cardenas to the plaintiff, who lived

at Savannah, Georgia, informing him that the defendant would immediately sail from there for Savannah and would come to the plaintiff with the cargo and draw on him for any balance he might want. The plaintiff then offered to testify to the payment by him of a fine of $440 imposed upon him by the authorities of the so-called Confederate States at Savannah in consequence of his having sent information which induced the defendant's intestate not to enter that port; and that this information was beneficial to said intestate.

The judge ruled that the plaintiff was not a competent witness, and directed the jury to find for the plaintiff for another item of the plaintiff's claim, not including the sum paid for said fine; and such verdict was returned accordingly. The plaintiff alleged exceptions.

*J. C. Blaisdell*, for the plaintiff.

*J. M. Morton, Jr.*, (*J. S. Brayton* with him,) for the defendant.

HOAR, J. The provision in Gen. Sts. c. 131, § 14, that parties to a cause may be witnesses, is qualified by the exception that " where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor; and where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will, or the appointment of the administrator." The *St.* of 1865, c. 207, § 1, contains the farther provision that " whenever the contract or cause of action in issue and on trial was made or transacted with an agent, the death or insanity of his principal shall not prevent any party to the suit or proceeding from being a witness in the case: provided, such agent shall be living and competent to testify."

The object and purpose of these exceptions obviously are, to put the two parties to a suit upon terms of substantial equality, in regard to the opportunity of giving testimony. In general, when parties have contracted with each other, each may be

supposed to have an equal knowledge of the transaction; and both, if living and of sound mind, are allowed to testify. But if one is precluded from testifying by death or insanity, the other is not entitled to the undue advantage of being a witness in his own case. Where, however, a party has contracted through an agent, if the agent is living, the death of the principal does not deprive his personal representative of the testimony of the one most fully acquainted with the facts of the case; and the other party may without injustice be admitted as a witness. Indeed, if he were not, the injustice might be the other way.

The *St.* of 1865 must therefore be construed as if, instead of saying "shall not prevent any party to the suit or proceeding," it had said, "shall not prevent any party to the suit or proceeding who made the contract with the agent." It could not, we think, have been intended to have any application to the case of a suit by an agent against the representatives of his principal.

In the case at bar, an agent sues the administratrix of his principal upon the implied contract of indemnity for acts done in the principal's service. One party to the contract is dead, and the other cannot be a witness. The exception in *St.* 1865 is not applicable.

The testimony of the plaintiff being excluded, there was nothing to support that part of his case upon which he offered to testify. We should by no' means intend to intimate that, if the testimony were competent, it would establish any claim against the defendant. But the decision of the question of evidence renders the discussion of other questions unnecessary.

*Exceptions overruled.*